## INSURANCE—MUTUAL BENEFIT ASSOCIATIONS.

[Muskingum (5th) Court of Appeals, November Term, 1916.]

Shields, Powell and Houck, JJ.

MARY A. SHERRY v. LOCOMOTIVE ENGINEERS' MUT. L. & ACC. ASSN. ET AL.

**Proceeds of Mutual Benefit Policy Designating Wife as Beneficiary, Payable to Second Wife and not to Children of First Wife.**

Where insurance is taken in a benevolent organization, payable to the wife of the insured or his lawful heirs, and subsequent to the death of the said wife and the remarriage of the insured the said policy was taken up and two new policies issued in its stead without any change with reference to the beneficiary, the proceeds of said policies become, at the death of the insured, the property of the second wife, and no part thereof is payable to the children of the first wife.

[Syllabus by the court.]

ERROR.

*E. F. O'Neal,* for plaintiff in error.
*H. C. Pugh,* for defendant in error.

**HOUCK, J.**

This is a proceeding in error to reverse the judgment of the common pleas court of Muskingum county, Ohio. The parties hereto occupy the same position to each other as in the court below. The plaintiff, Mary A. Sherry, brought suit in the court below to recover on two insurance policies on the life of her husband, Patrick Sherry. The admitted facts in this case are as follows:

That on or about the first day of March, 1869, Patrick Sherry became a member of the defendant association; that at said time and by right of said membership there was issued to him a policy of life insurance in said defendant association in the sum of $3,000; that afterwards, on July 20, 1894, the said association took up the said certificate of membership and the said policy of life insurance theretofore issued to the said Patrick Sherry, and in its stead issued to the said Patrick Sherry two certificates of membership, or policies of insurance

in their said association, each for the sum of $1,500.   It is further agreed that Patrick Sherry died on or about October 24, 1914, and that at the time of his death all of the assessments due from him to said association by reason of said certificates of insurance and policies had been fully paid, and, further, that at the time of the death of the said Patrick Sherry he was in good standing in said association, and said policies of insurance were in full force.   It is further agreed that at the time Patrick Sherry took out his policy in said association (in 1869) Mary McNally Sherry was the wife of the said Patrick Sherry, and continued to be his wife until the date of her death on February 21, 1886.   Thereafter, and before July 20, 1893, being the date that said original policy of insurance was taken up and the two new policies issued in place thereof, as above stated, Patrick Sherry married the plaintiff, Mary A. Sherry, who continued to be his wife until the date of his death.   It is further agreed that six children were born from the marriage between Patrick Sherry and his first wife, Mary McNally Sherry, and that no children were born from the second marriage.

The defendant association filed an answer in the nature of an interpleader, in which it avers that it is ready to pay said sum to the lawful distributee or distributees under said policies, and will do so upon the order of the court.   With reference to the beneficiaries thereunder each policy contains the following provision:

"All payments or benefits that may accrue or become due to the heirs of the person insured, by virtue of this policy, will be payable to Mrs. Patrick Sherry, wife, or his lawful heirs."

It will at once be observed that this clause is the governing factor to determine to whom the insurance money in question is to be paid, and this is to be determined from the plain meaning of the language used in said clause.   It is urged by counsel for plaintiff in error that by reason of the death of Mary McNally Sherry, the first wife of Patrick Sherry, and the subsequent marriage of Patrick Sherry and Mary A. Sherry, the plaintiff herein, and the issuing of the policies in question to Patrick Sherry subsequent to the marriage between Patrick

Sherry v. Mutual Life & Acc. Assn.

and the plaintiff, and the fact that the plaintiff was his wife at the time of his death, she is entitled to all of the benefits arising under said policy of insurance, and that she is the sole and only beneficiary, and is the Mrs. Patrick Sherry, wife of the said Patrick Sherry, deceased, and is entitled as such to said insurance money in question.

It is contended by counsel for the six children that the said Mary A. Sherry is entitled only to her legal share therein as the surviving widow of the said Patrick Sherry, deceased, and that they are entitled to the residue thereof.

In determining the rights of these parties we must rely wholly and entirely upon the language used in the clause of the policies hereinbefore referred to. At the time of the death of Patrick Sherry he had but one wife living, to-wit, the plaintiff in this case. At the time of the execution and delivery of the policies in question he had but one wife living, the plaintiff herein. If he had intended to make any other person than his then wife, Mary A. Sherry, the sole beneficiary of said insurance policies, he certainly would have done so. It seems to us that in the light of all these facts, and being governed in the distribution of the fund in question, by the surroundings of the parties, which taken in connection with the plain meaning of the beneficiary clause in the policies, it seems to us there can be but one conclusion reached, and that is that Mary A. Sherry is entitled to all of the fund, and is the sole beneficiary of the two policies in question.

It is contended by counsel for defendants that at the time the policy was taken out, in 1869, being the original policy, Patrick Sherry by his choice made provision for and designated the beneficiary thereunder, and must naturally, if not necessarily, have had in mind the person who was then his wife. If this line of reasoning be the correct one, then why is it not proper to claim that when the two policies in question were issued, and the plaintiff in this case was the wife of Patrick Sherry, it was his choice and intention, and of necessity he had in mind the person who was then his wife? It seems to us if we apply to the two policies in question this same reasoning

that is applied by counsel for defendants to the original policy
we can arrive at but one conclusion, and that is that the plain-
tiff is entitled to the proceeds of the policies in question.

Judgment reversed, and judgment for plaintiff in error,
the costs to be paid out of the fund and the residue to be paid
to the plaintiff in error.   Cause remanded to the common pleas.
court for execution.

**Shields** and **Powell, JJ.,** concur.